

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2010

# USA v. Michael McEachern

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-1070

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"USA v. Michael McEachern" (2010). *2010 Decisions.* Paper 1295.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1295

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-149                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1070
_____

UNITED STATES OF AMERICA

v.

MICHAEL MCEACHERN,
Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 08-cr-00116)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 11, 2010

Before: McKEE, Chief Judge, RENDELL and CHAGARES, Circuit Judges.

(Filed:  May 20, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

In November 2008, Michael McEachern was sentenced to 41 months in prison

after pleading guilty to uttering counterfeit securities.  He waived his right to appeal or

otherwise challenge his conviction or sentence.[1]  In November 2009, McEachern filed a motion to dismiss the charges alleging defects in the indictment.  The District Court denied the motion, and McEachern filed a timely notice of appeal.

We agree with the District Court that McEachern's motion is meritless.  As noted above, McEachern waived his right to challenge his conviction.  Moreover, while McEachern expressly disavowed 28 U.S.C. § 2255 as the basis for his motion, he did not provide a jurisdictional basis for the District Court to act on his motion.  Furthermore, as noted by the government, a motion challenging the institution of the prosecution must be made before trial. See Fed. R. Crim. P. 12(b)(3)(A).

Summary action is appropriate if there is no substantial question presented in the appeal.  See Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.

---

[1] McEachern reserved the right to appeal his sentence if it exceeded the statutory maximum or unreasonably exceeded the guideline range.  Neither situation is at issue here.

2